Richardson, Oh. J.,
delivered the opinion of the court:
The present case was referred to the court by the following resolution of the House of Representatives:
“Resolved, That the claim of C. 0. Farrar, administrator of Gray W. Smith [and others named], in which the Court of Claims has found the preliminary question of loyalty to the United States Government during the war of the rebellion in favor of the claimants, be, and they are hereby, referred to the Court of Claims to find and report the facts in each case, as provided in the Act of March 3, 1883, known as the ‘Bowman Act,’ and as amended by section 14 of ‘An act to provide for bringing suits against the Government of the United States,’ approved March 3, 1887.”
The fourteenth section of the act of March 3,1887, mentioned in this resolution, is as follows:
“That whenever any bill, except for a pension, shall be pending in either House of Congress, providing for the pay of a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person, the House in which sueh bill is pending may refer the same to the Court of Claims, who shall proceed with the same in accordance with the provisions of the act approved March third, eighteen hundred and eighty-three, entitled ‘An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,’ and to report to such House the facts in the case and the amount, where the same can be liquidated, including any facts bearing upon the ques *153 tion whether there has been delay or laches in presenting such claim or applying for such grant, gift, or bounty, and any facts bearing upon the question whether the bar of any statute of limitation should be removed or ichich shall be claimed to excuse the claimant for not having resorted to any established legal remedy.”
The same ease had been transmitted to the court by a committee of the House of Representatives under the ‘‘Bowman act,” May 4,1886, and was tried and submitted June 4, 1888. The court found that so much of the claim as is now before the court was not presented to the Commisioners within the time allowed by law, and was barred under the Act of Mark 3,1873, cli. 36 (17 Stat. L., 577), which provides that “the Commissioners of Claims shall not receive any petition for allowance of any claim or claims unless such petition shall be presented and tiled with them on or before the 3d day of March, 1873; and all claims not so presented shall be barred forever thereafter,” and therefore by the third section of the Bowman Act it was excluded from our jurisdiction.
As to the remainder of the claim, and the only part then before the Commissioners, it was held to be barred by acceptance of the amount appropriated by the Act of March 3,1879, ch. 288 (20 Stat. L., 656), which provides that the sums therein appropriated shall “ be taken and accepted in each case as a full and final discharge of the several claims presented by such persons to the Commissioners of Claims.”
Ths claimant now desires to be heard, under the resolution of the House of Representatives, to prove the facts bearing upon the question whether the bar of any statute of limitation should be removed or which he claims excuse him for not having resorted to his established legal remedy, and this we have no doubt he may do.
Whatever other effect the fourteenth section of the Act of March 3,1887, may have, it is clear that it allows either House of Congress to refer any claim to this court to report the facts bearing upon the question whether there has been delay or laches in presenting such claim and any facts bearing upon the question whether the bar of any statute of limitation should be removed with other facts in such case.
The motion to dismiss for want of jurisdiction is overruled.